IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CHRISTINE GARNER**                                                                               **PLAINTIFF**

**v.**                                                            **No. 3:25-cv-099-MPM-RP**

**AT&T CORP.**                                                              **DEFENDANT**

## **ORDER**

This matter comes before the Court on Plaintiff Christine Garner's ("Ms. Garner") Motion to Remand [7]. The Court, having reviewed the record and having carefully considered the applicable law, is now prepared to rule.

On April 25, 2025, Ms. Garner filed the present motion to remand without briefing. Ms. Garner contended that Defendant received notice of removability more than thirty days before Defendant removed the case, and, since 28 U.S.C. § 1446(b)(3) requires removal to occur within thirty days of when it "may first be ascertained that the case is one which is or has become removable," remand is required. Ms. Garner forwent briefing her motion as required by Local Uniform Civil Rule 7(b)(4) due to the "simplicity of the factual and legal issues involved."

Defendant then responded, and the legal issues turned out to be less straightforward than Ms. Garner purported. Ms. Garner has not replied, nor has she withdrawn her motion.

Defendant contends that BellSouth Telecommunications, LLC, rather than AT&T Corp. (the entity served with process), is the appropriate defendant.[1] According to Defendant (hereinafter, "BellSouth"), the thirty-day time period to remove a case does not begin to run until

---

[1] Ms. Garner's email exhibit shows that parties were aware that AT&T Corp. is the incorrect defendant. The parties had agreed to jointly recommend an order substituting the correct defendant.

the earlier of (1) proper service on the correct defendant or (2) waiver of proper service through the filing of a responsive pleading—neither of which happened more than thirty days prior to removal. In support of this argument, BellSouth cites *Brown v. Bristol-Myers Squibb Co.*, No. CIV A 402CV301LN, 2002 WL 34213425, at *2 (S.D. Miss. Nov. 2, 2002) (collecting authorities) (quoting *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 344 (1999) ("A named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.")). This case stands for the proposition for which it was tendered, and there has been no argument to the contrary. BellSouth removed the case within thirty days of being served or waiving service. Remand is inappropriate here.

      **ACCORDINGLY**, Plaintiff Christine Garner's Motion to Remand [7] is **DENIED**.

      **SO ORDERED** this the 12th day of June, 2025.

      /s/Michael P. Mills
      **UNITED STATES DISTRICT JUDGE**
      **NORTHERN DISTRICT OF MISSISSIPPI**